IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03523-PAB

BILL JOE BROOKS,

      Petitioner,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

      Respondent.

---

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Bill Joe Brooks is a prisoner in the custody of the Colorado Department of Corrections. Mr. Brooks has filed, through counsel, a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Docket No. 1, challenging the validity of his conviction in the District Court for El Paso County, Colorado, Case Number 2009CR2378. On April 30, 2020, Respondent filed an Answer, Docket No. 23, and on July 15, 2020, Mr. Brooks filed a Response to Answer, Docket No. 27.

After reviewing the record, including the Petition, the Answer, the Response, and the state court record, the Court concludes Mr. Brooks is not entitled to relief on his remaining claims.

## I. BACKGROUND

Mr. Brooks was convicted by a jury on three counts of sexual assault and one count each of criminal trespass and third-degree assault.

> The evidence at trial showed that Brooks entered a neighbor's apartment and sexually assaulted her. The victim,

thirty-three year-old A.C., lived alone. Brooks lived with his girlfriend at the same apartment complex. One night, A.C. returned home to find a man with a knife and bandanas covering his head and face. The man threatened to hurt or kill A.C., and the two physically struggled. He eventually dragged her into the bedroom area and forced oral, vaginal, and anal intercourse on her. He then forced her to shower and digitally penetrated her anus in an apparent attempt to eliminate DNA evidence. The intruder warned A.C. that he and his friends would be watching her, and he made her promise that she would not call the police.

At trial, Brooks did not deny that he had engaged in sexual intercourse with A.C. He presented two different versions of a consent defense. In opening statement, defense counsel argued that A.C. was involved in a consensual sexual relationship with Brooks and fabricated the assault accusation after he disclosed his intent to end the affair. During closing argument, however, the defense theory changed. Defense counsel argued that A.C. and Brooks had consensual sex, but A.C. perceived it as an assault by an intruder because of a psychotic delusion. The jury did not accept either of these somewhat contradictory defense theories.

The next morning, A.C. (who did not have a working telephone) walked to a convenience store, called 911, and reported being raped by a stranger. She told investigators that she recognized the intruder as someone she had seen around her apartment building, but she did not know his name or where he lived. The police connected Brooks to the assault after semen recovered from A.C.'s rectum was matched to his CODIS profile and A.C. subsequently identified him from a photo lineup.

Docket No. 15-3 at pp.2-3 (footnote omitted). Mr. Brooks was sentenced to an indeterminate term of forty-seven years to life in prison. On October 30, 2014, the Colorado Court of Appeals affirmed the judgment of conviction. *See id.* On July 13, 2015, the Colorado Supreme Court denied Mr. Brooks' petition for writ of certiorari on

direct appeal. *See* Docket No. 15-4.

On November 13, 2015, Mr. Brooks filed in the trial court a postconviction motion for sentence reconsideration. *See* Docket No. 15-1 at 13. On December 15, 2015, the trial court denied that motion. *See id.* Mr. Brooks did not appeal.

On October 4, 2016, Mr. Brooks filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. *See* Docket No. 15-5. The motion was denied and, on April 18, 2019, the Colorado Court of Appeals affirmed the trial court's order. *See* Docket No. 15-7. On November 12, 2019, the Colorado Supreme Court denied Mr. Brooks' petition for writ of certiorari in the Rule 35(c) proceedings. *See* Docket No. 15-8.

Mr. Brooks asserts two claims. He contends in claim 1 that counsel was ineffective by failing to: (a) call Mr. Brooks as a witness to testify about consensual sexual acts with the victim; (b) effectively present the issue of the victim's mental health; and (c) call a medical expert to testify. Mr. Brooks contends in claim 2 that his constitutional right to equal protection was violated because his indigency prevented him from hiring a defense expert. The Court previously entered an Order, Docket No. 22, dismissing claims 1(a) and 2.

## II. STANDARDS OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an

> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. Brooks bears the burden of proof under § 2254(d). *See Cullen*

*v. Pinholster*, 563 U.S. 170, 181 (2011).

The Court's inquiry is straightforward "when the last state court to decide a

prisoner's federal claim explains its decision on the merits in a reasoned opinion."

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "In that case, a federal habeas court

simply reviews the specific reasons given by the state court and defers to those reasons

if they are reasonable." *Id.* When the last state court decision on the merits "does not

come accompanied with those reasons," . . . the federal court should 'look through' the

unexplained decision to the last related state-court decision that does provide a relevant

rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.*

The presumption may be rebutted "by showing that the unexplained affirmance relied or

most likely did rely on different grounds than the lower state court's decision, such as

alternative grounds for affirmance that were briefed or argued to the state supreme

court or obvious in the record it reviewed." *Id.*

The threshold question the Court must answer under § 2254(d)(1) is whether Mr.

Brooks seeks to apply a rule of law that was clearly established by the Supreme Court

at the time the state court adjudicated the claim on its merits. *Greene v. Fisher*, 565

U.S. 34, 38 (2011). Clearly established federal law "refers to the holdings, as opposed

to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or
> similar to the case *sub judice*. Although the legal rule at
> issue need not have had its genesis in the closely-related or
> similar factual context, the Supreme Court must have
> expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established

federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at

1018.

　　If a clearly established rule of federal law is implicated, the Court must determine

whether the state court's decision was contrary to or an unreasonable application of that

clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly
> established federal law if: (a) "the state court applies a rule
> that contradicts the governing law set forth in Supreme Court
> cases"; or (b) "the state court confronts a set of facts that are
> materially indistinguishable from a decision of the Supreme
> Court and nevertheless arrives at a result different from [that]
> precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th
> Cir. 2006)] (internal quotation marks and brackets omitted)
> (quoting *Williams*, 529 U.S. at 405, 120 S. Ct. 1495). "The
> word 'contrary' is commonly understood to mean
> 'diametrically different,' 'opposite in character or nature,' or
> 'mutually opposed.'" *Williams*, 529 U.S. at 405, 120 S. Ct.
> 1495 (citation omitted).

> A state court decision involves an unreasonable
> application of clearly established federal law when it
> identifies the correct governing legal rule from Supreme
> Court cases, but unreasonably applies it to the facts. *Id.* at
> 407-08, 120 S. Ct. 1495.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. A decision is objectively unreasonable "only if all fairminded jurists would agree that the state court got it wrong." *Stouffer v. Trammel*, 738 F.3d 1205, 1221 (10th Cir. 2013) (internal quotation marks omitted). Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted, brackets in original). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

Under this standard, "only the most serious misapplications of Supreme Court

precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also*

*Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the

state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal
> court, a state prisoner must show that the state court's ruling
> on the claim being presented in federal court was so lacking
> in justification that there was an error well understood and
> comprehended in existing law beyond any possibility for
> fairminded disagreement.

*Richter*, 562 U.S. at 103.

Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the

relevant state court decision was based on an unreasonable determination of the facts

in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court

presumes the state court's factual determinations are correct and Mr. Brooks bears the

burden of rebutting the presumption by clear and convincing evidence. The

presumption of correctness applies to factual findings of the trial court as well as state

appellate courts. *See Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th Cir. 2015). The

presumption of correctness also applies to implicit factual findings. *See Ellis v.

Raemisch*, 872 F.3d 1064, 1071 n.2 (10th Cir. 2017).

Finally, the Court's analysis is not complete even if Mr. Brooks demonstrates the

state court decision is contrary to or an unreasonable application of clearly established

federal law or was based on an unreasonable determination of the facts in light of the

evidence presented. *See Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019), *pet.

for writ of cert. filed*, No. 19-8581 (U.S. June 2, 2020). If the requisite showing under

§ 2254(d) is made, the Court must consider the merits of the constitutional claim *de novo. See id.* at 1056-57.

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See id.* at 1057. However, even if a claim is not adjudicated on the merits in state court, the Court still must presume the state court's factual findings pertinent to the claim are correct under § 2254(e). *See id.*

## III. MERITS OF PETITIONER'S REMAINING CLAIMS

Mr. Brooks contends in remaining claims 1(b) and 1(c) that counsel was ineffective. Clearly established federal law provides that a defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). To establish counsel was ineffective Mr. Brooks must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *See id.* at 687. If Mr. Brooks fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See id.* at 697.

In general, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* It is Mr. Brooks' burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.*

In the context of federal habeas corpus review under § 2254(d), a state prisoner

"faces an even greater challenge." *Harmon v. Sharp*, 936 F.3d 1044, 1058 (10th Cir.

2019), *pet. for writ of cert. filed*, No. 19-8581 (U.S. June 2, 2020). "When assessing a

state prisoner's ineffective-assistance-of-counsel claims on habeas review, [federal

courts] defer to the state court's determination that counsel's performance was not

deficient and, further, to the attorney's decision in how to best represent a client." *Id.*

(internal quotation marks and brackets omitted). Thus, review under § 2254(d) is

doubly deferential. *See id.* Furthermore,

> [f]ederal habeas courts must guard against the danger of
> equating unreasonableness under *Strickland* with
> unreasonableness under § 2254(d). When § 2254(d)
> applies, the question is not whether counsel's actions were
> reasonable. The question is whether *any* reasonable
> argument exists that counsel satisfied *Strickland's*
> deferential standard. And because the *Strickland* standard is
> a general standard, a state court has . . . more latitude to
> reasonably determine that a defendant has *not* satisfied that
> standard.

*Id.* (citations and internal quotation marks omitted).

Under the prejudice prong Mr. Brooks must establish "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.*; *see also Richter*, 562 U.S. at

112 (stating that "[t]he likelihood of a different result must be substantial, not just

conceivable."). In determining whether Mr. Brooks has established prejudice, the Court

must look at the totality of the evidence and not just the evidence that is helpful to Mr.

Brooks. *See Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

## A. Claim 1(b)

Mr. Brooks asserts in claim 1(b) that counsel was ineffective by failing to

effectively present the issue of the victim's mental health. The Colorado Court of

Appeals described the facts relevant to this claim as follows:

> During the victim's testimony, defense counsel attempted to cross-examine her about the number of times she had been hospitalized for psychiatric reasons. Defense counsel argued that the hospitalizations were relevant to the victim's mental health and credibility. However, because defense counsel could not provide any information regarding why the victim had been hospitalized and when the hospitalizations had taken place, the trial court sustained the prosecution's objection to exclude the testimony.
>
> Brooks argues that he suffered *Strickland* prejudice because of defense counsel's failure to make a stronger offer of proof . . ..

Docket No. 15-7 at p.22. The state court rejected Mr. Brooks' prejudice argument for

the following reasons:

> [A division of the Colorado Court of Appeals on direct appeal] concluded that "exclusion of evidence of a witness's past psychiatric hospitalizations does not constitute reversible error where the defense makes no particularized showing of relevance." Brooks asserts that this conclusion shows that he suffered *Strickland* prejudice from defense counsel's failure to make a stronger offer of proof. However, the record shows that the victim admitted to psychiatric disorders, hallucinations, and multiple hospitalizations, as well as to taking medication to control hallucinations. Brooks does not explain how this evidence was insufficient to cast doubt on the victim's mental health or credibility, nor what hearing about the exact number of hospitalizations would have added. As well, he does not identify any specific facts defense counsel should have provided in the offer of proof to make it stronger. Thus, we conclude that he has failed to show *Strickland* prejudice.

Docket No. 15-7 at pp.23-24.

Mr. Brooks is not entitled to relief on this ineffective assistance of counsel claim under the "contrary to" clause of § 2254(d)(1) because he does not identify any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.

Mr. Brooks does argue the Colorado Court of Appeals made an unreasonable determination of the facts "in that, the Trial Court did not have sufficient facts in front of it, because of the failure of the Defense counsel, to make a determination that [the victim's] medical records including the multiple hospitalizations and hallucinations that the alleged victim testified to, would be relevant." Docket No. 27 at p.9. This argument lacks merit because relief under § 2254(d)(2) is available only upon a showing that the state court's decision is based on an unreasonable determination of the facts *in light of the evidence presented in the state court proceeding*. The premise of Mr. Brooks' unreasonable factual determination argument is that the trial court did not have all of the relevant facts to consider. He makes no argument regarding an unreasonable determination of the facts based on the evidence actually presented.

Finally, Mr. Brooks is not entitled to relief under the unreasonable application prong of § 2254((d)(1) with respect to claim 1(b) because he fails to demonstrate the state court's conclusion "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Mr. Brooks' assertion that the state court

Case 1:19-cv-03523-PAB   Document 28   Filed 08/10/20   USDC Colorado   Page 12 of 15

findings are incorrect does not persuade the Court the findings also are unreasonable, and that is the relevant standard under § 2254(d)(1). To reiterate, a decision is objectively unreasonable "only if all fairminded jurists would agree that the state court got it wrong." *Stouffer*, 738 F.3d at 1221 (internal quotation marks omitted). Here, Mr. Brooks fails to persuade the Court that all fairminded jurists would agree the state court reached the wrong conclusion. In light of the evidence actually presented regarding the victim's psychiatric disorders, hallucinations and medication to control hallucinations, and multiple hospitalizations, it was not unreasonable to conclude Mr. Brooks failed to demonstrate a reasonable probability of a different outcome if additional evidence regarding the hospitalizations had been admitted. In addition, it is not clear what the evidence Mr. Brooks sought to introduce would have shown. Instead, he merely speculates that the victim's medical records would have been helpful. *See* Docket No. 27 at p.9 ("A reasonable trier of fact would cast doubt on the alleged victim's testimony *if in fact*, the medical records would have revealed that she had hallucinations of being raped, having other sexual encounters, or of someone committing an assault or act of crime against her in the past." (emphasis added).) Such speculation does not demonstrate the state court unreasonably applied *Strickland*.

Finally, for the first time in his Response, Mr. Brooks ties the failure to call a medical expert in claim 1(c) to the mental health arguments in claim 1(b). *See* Docket No. 27 at p.6 ("A medical expert could have testified after review of medical records, . . . which would have placed not only the credibility of the victim in doubt, but also state the fact that this was a psychotic episode, 'a delusion.'") Even if this argument was

properly presented, the Court finds that Mr. Brooks cannot demonstrate ineffective assistance of counsel under *Strickland* for the reasons discussed below. In short, Mr. Brooks fails to identify an expert or the substance of any expert testimony.

## B. Claim 1(c)

Mr. Brooks asserts in claim 1(c) that counsel was ineffective by failing to call a medical expert to testify. More specifically, he asserts that physical characteristics reported by the victim and "observed by the treating physician and nurse were side effects of medication that she was taking, and another medical expert could have testified as to those facts." Docket No. 1 at p.4. Mr. Brooks similarly argued in state court that counsel was ineffective by failing "to call an expert to rebut the SANE's testimony and establish that the victim's mouth injuries could have occurred from drug abuse, as opposed to from forceful oral sex." Docket No. 15-7 at p.8. The Colorado Court of Appeals rejected the claim as vague and conclusory because Mr. Brooks "failed to provide the name of an expert or the substance of the expert's testimony." *Id.* at p.9.

Mr. Brooks is not entitled to relief on this ineffective assistance of counsel claim under the "contrary to" clause of § 2254(d)(1) because he does not identify any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.

Next, Mr. Brooks fails to demonstrate the state court's decision is based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2). He does not dispute the fact that he did not identify a particular expert

witness or the substance of any expert testimony.

Finally, Mr. Brooks fails to demonstrate the state court's conclusion "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. It was not unreasonable to conclude that vague and conclusory allegations regarding an unidentified expert are not sufficient under *Strickland*. *See Byrd*, 645 F.3d at 1168 ("mere speculation is not sufficient" to demonstrate prejudice under *Strickland*); *Cummings v. Sirmons*, 506 F.3d 1211, 1233 (10th Cir. 2007) (failure to identify "precisely what these purported experts would have testified to" is insufficient to establish deficient performance under *Strickland*).

Mr. Brooks seeks to avoid this result by arguing that "denial for an expert is not speculative under the fact situation laid out in the Applicant's case." Docket No. 27 at p.10. More specifically he asserts that

> [t]he only way that the counsel would have been able to prove that a medical expert was needed, and not be vague and conclusory was to produce the records, as well as the diagnosis of the alleged victim to the Trial Court. At that point, the records would have been reviewed by a medical expert who could have testified and laid the foundation, as to the relevance, as well as the merits of the claim.

Docket No. 27 at p.10. The Court is not persuaded because this argument only reinforces the conclusion that claim 1(c) is vague and conclusory. Mr. Brooks still does not identify a particular expert or the substance of the expert's testimony and he certainly did not do so when presenting this claim to the state courts. As a result, he fails to demonstrate the state court's rejection of the claim is an unreasonable

14

application of *Strickland*. Thus, Mr. Brooks is not entitled to relief with respect to claim 1(c).

## IV. CONCLUSION

For the reasons discussed in this order, Mr. Brooks is not entitled to relief on his remaining claims. Accordingly, it is

**ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Docket No. 1, is denied and this case is dismissed with prejudice. It is further

**ORDERED** that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED August 10, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge